# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

LARRY FOUSE,

    Plaintiff,

v.  No. 15-1201

STATE OF TENNESSEE, and
HAYWOOD COUNTY, TENNESSEE,
KIM WIMS in her official capacity;
GERALD CAMPBELL in his official capacity
and other unnamed and unknown individuals,

    Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION

---

In this action filed on August 8, 2015, Plaintiff, Larry Fouse, seeks monetary damages pursuant to 42 U.S.C. § 1983, against the State of Tennessee, Haywood County, Gerald Campbell and Kim Wims, in their official capacities as state employees, and other unnamed and unknown individuals for violations of his Fourth, Fifth, and Fourteenth Amendment rights for abuse of process and malicious prosecution.[1] (Docket Entry "D.E." 1.) Before the Court is the December 29, 2015 motion to dismiss by all remaining Defendants, the State, Campbell, and Wims, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). (D.E. 18. at 2.) The motion asserts that 1) the doctrine of sovereign immunity under the Eleventh Amendment to the United States Constitution bars any suit for money damages against these Defendants, and 2) the State

---

[1] Haywood County was originally listed as a Defendant, but has since been dismissed. (D.E. 44.) Accordingly, Haywood County's motion to dismiss (D.E. 28) is DENIED as moot.

and Campbell and Wims, acting in their official capacities, are not "persons" subject to suit under § 1983. (D.E. 18.)

## I. FACTS ALLEGED

Fouse alleges the following facts. In August 2007, he was arrested and incarcerated at the Haywood County Jail on charges of rape of a minor child. (D.E. 1 at 3.) In February of the following year, DNA results of the rape kits taken as part of the prosecution's case were compared against a DNA sample provided by Plaintiff. (*Id.*) This testing exonerated him of the charge. (*Id.*) Once the DNA testing was completed and the exculpatory evidence confirmed, the Defendants lacked sufficient information and evidence to establish probable cause in Fouse's case. (*Id.*) Nevertheless, between 2007 and 2014, Plaintiff was "continuously" recharged with crimes stemming from the original 2007 arrest. (*Id.* at 3.) He was found not guilty by a jury on August 14, 2014. (*Id.*) As a result of the prosecution, Fouse claims he was "humiliated and painted as a criminal for approximately eight years of his life," despite there being "no evidence of wrongdoing." (*Id.* at 4.)

Because of issues arising from Plaintiff's prosecution, Wims[2] and Campbell, prosecutors with the 28th Judicial District Attorney's Office, were terminated from their positions. (*Id.* at 3.) Fouse alleges that the State of Tennessee and Haywood County each acted as both principal and agent, jointly operating the District Attorney's office. (*Id.*) Through this relationship, they

---

[2] The State claims it has no knowledge of ever having an employee in the 28th Judicial District by the name of "Kim Wims." However, "out of an abundance of caution," Wims was included in the State's motion to dismiss to the extent Plaintiff sued her in her official capacity as a State employee. (D.E. 8 at 1.)

ratified each other's actions. (*Id.*) Plaintiff contends that these facts form the basis of liability against Defendants.

## *II. ANALYSIS*

### A. § 1983 GENERALLY

Section 1983 provides a private right of action against any person who subjects "any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights [or] privileges . . . secured by the Constitution and laws[.]" 42 U.S.C. § 1983; *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). The statute "creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)). A plaintiff suing under the statute must demonstrate the denial of a constitutional right caused by a defendant acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

### B. JURISDICTION

Fouse claims that the State of Tennessee is vicariously liable for the actions of Haywood County and vice versa. The Eleventh Amendment bars suits under § 1983 against states, their agencies, and their officials sued in their official capacity for damages unless the state has waived its sovereign immunity or expressly consented to be sued in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). This bar exists whether the relief sought is legal or equitable. *Id.* at 89; *see also Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). Tennessee has neither consented to suit nor waived its sovereign immunity. *See S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) *reh'g and reh'g en banc denied* (Sept. 17, 2008); *see also*

*Jenkins v. State of Tennessee*, 22 F. App'x 381, 382 (6th Cir. 2001) (stating that Tennessee has not waived its Eleventh Amendment immunity for § 1983 claims).

Exceptions to a state's sovereign immunity may also be found as set forth in *Ex Parte Young*, 209 U.S. 123 (1908), and where Congress has abrogated a State's immunity. *See S & M Brands, Inc.*, 527 F.3d at 507. There is no dispute that Congress has not abrogated Tennessee's immunity in this case, and as the Plaintiff only seeks damages for Defendant's past conduct, *Ex Parte Young*'s exception does not apply. *See Quern v. Jordan*, 440 U.S. 332, 339-40 (1979). Accordingly, the State is not subject to suit in this case, and Fouse cannot obtain monetary relief against it.

In addition, Supreme Court precedent holds that actions against state officials and state employees sued in their official capacities for monetary damages are the equivalent of actions against the state itself. As a basis for this principle, the Supreme Court has observed that "state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 58; *see also Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989). Accordingly, the Court determined that the sovereign immunity protection from suit granted to states by the Eleventh Amendment also inures to state officials sued in their official capacities. *Graham*, 473 U.S. at 166; *see also Marsh v. Randolph*, No. 1:09-CV-13, 2012 WL 397778, at *4 (E.D. Tenn. Feb. 7, 2012) ("[T]he Eleventh Amendment prohibits federal courts from taking jurisdiction over actions filed by private citizens against a state pursuant to 42 U.S.C. § 1983.").

Here, Plaintiff sues Campbell and Wims in their official capacities as state prosecutors, which is the equivalent of a suit against the State of Tennessee. *Will*, 491 U.S. at 58. Thus, neither Campbell nor Wims is subject to suit, and Plaintiff cannot obtain monetary relief against them.

*III. CONCLUSION*

For the reasons set forth herein, the motion to dismiss all claims against the State of Tennessee and Campbell and Wims, in their official capacities as state employees, is GRANTED for lack of subject matter jurisdiction.

IT IS SO ORDERED this 6th day of August 2016.

                                              s/ J. DANIEL BREEN
                                              CHIEF UNITED STATES DISTRICT JUDGE